# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELICA HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No: 16-cv-4182-DDC-TJJ |
| EMPORIA STATE UNIVERSITY (ESU), | ) |
| GWEN ALEXANDER, PH.D., | ) |
| DAVID CORDLE, PH.D., | ) |
| JACKIE VIETTI, PH.D., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff has filed her Complaint alleging Defendant Emporia State University retaliated against her on the basis of her race in violation of Title VII after she reported a racial slur found in the workplace. Plaintiff also brings a claim under 42 U.S.C. § 1983 for First Amendment retaliation against Defendants Alexander, Cordle, and Vietti for allegedly terminating her contract in retaliation for Hale exercising her right to speak out against discrimination and racism. This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent her in this case. For the reasons set forth below, Plaintiff's motion for the appointment of counsel is denied without prejudice.

While a defendant in a *criminal* action has a constitutional right to be represented by an attorney, it is well settled that a party in a *civil* action has no similar constitutional right to appointment of counsel.[1] For some types of civil cases, however, Congress has provided statutory

---

[1] *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize a right to counsel in a Title VII context); *Sandle v.*

authority for the appointment of counsel. For example, in employment discrimination actions brought under Title VII of the Civil Rights Act of 1964, the court has discretionary authority under to 42 U.S.C. § 2000e-5(f)(1) to appoint counsel "in such circumstances as the court may deem just." The court has "extremely broad" discretion to appoint counsel under § 2000e-5(f)(1).[2] For guidance, the Tenth Circuit has identified factors relevant to a court's inquiry whether to appoint counsel for a civil litigant in a Title VII action.[3] Appointment of counsel is only appropriate under § 2000e-5(f)(1) after the plaintiff has affirmatively shown "(1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[4] As "an aid in exercising discretion" in close cases, the court should also consider whether the plaintiff has the "capacity to present the case without counsel."[5]

When considering appointment of counsel, the Court remains mindful that Congress has provided no mechanism for compensating appointed attorneys.[6] "Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.   The indiscriminate appointment of volunteer counsel to undeserving claims will waste precious resource and may discourage attorneys from donating their

---

*Principi*, 201 F. App'x 579, 582 (10th Cir. 2006) ("There is no constitutional right to counsel in either a Title VII case or other civil case."); *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992) (holding that there is no constitutional right to counsel in a Title VII case); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

[2] *Castner,* 979 F.2d at 1420.

[3] *Id.* at 1421.

[4] *Id.*

[5] *Id.*

[6] *Id*.

time."[7] Finally, the Court notes that it has a limited pool of volunteer attorneys from whom it may appoint counsel.

### A.     Financial Ability to Secure Counsel

Plaintiff must first show a financial inability to pay for counsel. Plaintiff has submitted an Affidavit of Financial Status with her motion to proceed without prepayment of fees. Based upon the information provided in that affidavit, the Court has granted her permission to proceed *in forma pauperis*.[8] The affidavit likewise shows that Plaintiff is financially unable to pay for counsel to represent her in this action.

### B.     Efforts to Secure Counsel

A second factor the Court considers in determining whether to appoint counsel is whether Plaintiff has affirmatively shown she made diligent efforts to secure counsel on her own before filing the motion. This typically requires the party to meet with and discuss the case with at least five attorneys.[9] In her present motion, Plaintiff lists the names of nine attorneys she contacted but was unable to obtain their services. The Court finds that Plaintiff has made sufficient efforts to secure counsel on her own before requesting the appointment of counsel.

### C.     Merit of Allegations

With respect to the third factor, the Court has reviewed Plaintiff's Complaint and Defendants' Motion to Dismiss. The Court declines to speculate on the merits of the claims asserted by Plaintiff in her Complaint or the arguments presented by Defendants in their Motion to

---

[7] *Id.*

[8] *See* Order Granting Motion to Proceed Without Prepayment of Fees or Costs, ECF No. 8.

[9] *Jeannin v. Ford Motor Co.*, No. 09-2287-JWL-DJW, 2009 WL 1657544, at *1 (D. Kan. June 12, 2009).

Dismiss. The Court will therefore look to Plaintiff's ability to represent herself, including responding to the pending motion to dismiss.

### D.     Capacity to Present Case Without Counsel

Based upon the Court's review of the Complaint and other pleadings filed to date, Plaintiff has thus far shown herself to have the capacity and ability to present her case without counsel. Plaintiff demonstrates a higher level of legal sophistication than is generally found in pro se parties. Plaintiff has been able thus far to set out her legal claims and facts supporting those claims, showing that she is capable of presenting her case without counsel.

### E.     Other Considerations

The Court recognizes that its perception of the merits and other factors relevant to the issue of appointment of counsel may vary over time.[10] Due to such variance, courts "often re-evaluate the need for appointed counsel at various stages of the proceedings."[11] While "a court may well appoint counsel at the outset of a case, it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case."[12] As aptly stated in *Ficken*:

> Other factors contribute to the tentative nature of orders denying appointment of counsel. Because district judges are reluctant to "squander[] [their] limited resources of attorneys willing to take pro bono appointments," they often postpone the appointment decision until after dispositive motions as a means of weeding out frivolous or unmeritorious cases. The timing of the appointment may also reflect

---

[10] *See Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998) (relying extensively on factors set out in *Poindexter v. FBI*, 737 F.2d 1173 (D.C. Cir. 1984)).

[11] *Id.*

[12] *Id.*

the district court's assessment of the adequacy of the record for purposes of its own decisionmaking. A district court that initially denies a motion to appoint counsel because it feels comfortable resolving a motion to dismiss on the basis of a record produced by a *pro se* plaintiff may later appoint counsel to ensure the development of a record adequate for summary judgment or trial.[13]

The considerations discussed in *Ficken* continue to be relevant. With burgeoning federal court dockets, increased *pro se* filings, and decreasing number of pro bono attorneys, the timing of a request for appointment of counsel arguably takes on more importance.[14]  For these reasons, the Court will deny Plaintiff's motion but without prejudice to the filing of a similar motion at a later stage of the litigation.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied without prejudice to Plaintiff filing a similar motion after the Court rules on the pending Motion to Dismiss (ECF No. 17). If the case proceeds to trial, furthermore, the Court may on its own motion reconsider whether the circumstances warrant a request for counsel to represent Plaintiff at that time.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 15th day of February, 2017.

Teresa J. James
U. S. Magistrate Judge

---

[13]  *Id.*

[14]  *Porter v. Ross*, No. 13-03003-JTM-GLR, 2014 WL 169798, at *1 (D. Kan. Jan. 14, 2014).