IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANGELICA HALE,**

    **Plaintiff,**

vs.

**EMPORIA STATE UNIVERSITY,
GWEN ALEXANDER,
DAVID CORDLE, and
JACKIE VIETTI,**

    **Defendants.**

Case No. 16-4182-DDC-TJJ

## MEMORANDUM AND ORDER

Plaintiff Angelica Hale filed this action pro se against defendants Emporia State University ("ESU"), Gwen Alexander, David Cordle, and Jackie Vietti. Plaintiff alleges that her former employer, ESU, violated Title VII by terminating her employment as retaliation for complaining about racial discrimination. Plaintiff also alleges that defendants Alexander, Cordle, and Vietti retaliated against her after she exercised her right to speak out against discrimination and racism. She asserts a First Amendment retaliation claim under 42 U.S.C. § 1983 against these three individuals in their individual capacities.

Less than a month after the court entered its Scheduling Order in the case (Doc. 38), plaintiff filed a Motion for Summary Judgment. Doc. 46. Her motion seeks summary judgment in her favor on her Title VII and First Amendment retaliation claims. *Id.* at 1. Plaintiff recognizes that, if the court grants her motion, "[s]uch a ruling would leave the appropriate compensatory, exemplary and punitive damages, if any, as the issues to be resolved at trial." *Id.* at 4. Six days later, plaintiff filed another Motion for Summary Judgment. Doc. 52. Plaintiff emailed her submission to the Clerk of the Court on October 12, 2017. The Clerk docketed the

motion, although it appears identical to her first Motion for Summary Judgment. Defendants have responded to plaintiff's Motions for Summary Judgment by filing an Application for Dismissal or Stay of Defendants' Opposition to Plaintiff's Motion for Summary Judgment. Doc. 56. Invoking Federal Rule of Civil Procedure 56(d), defendants ask the court to deny plaintiff's summary judgment motions without prejudice or defer considering the motions to allow defendants additional time to discover the facts essential to justify their Opposition to the summary judgment motions.

Federal Rule of Civil Procedure 56(d) provides: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The Tenth Circuit has held that the general principle of Rule 56(d) is that "'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Price v. W. Res., Inc.*, 232 F.3d 779, 783 (10th Cir. 2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)) (interpreting the same rule formerly codified as Rule 56(f)). But, a party must do more than assert "that the evidence supporting [the party's] allegation is in the hands of the [opposing party]." *Weir v. Anaconda Co.*, 773 F.2d 1073, 1083 (10th Cir. 1985). Instead, the party must identify with some degree of specificity the facts it believes that additional discovery will uncover. *See Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir. 1993). "Unless dilatory or lacking in merit," a party's Rule 56(d) request "should be liberally treated." *Id.* at 1554 (citation and internal quotation marks omitted). The decision to grant additional discovery under Rule 56(d) is within the district court's discretion. *Patty Precision v. Brown & Sharpe Mfg. Co.*, 742 F.2d 1260, 1264

(10th Cir. 1984); *see also Pfenninger v. Exempla, Inc.*, 116 F. Supp. 2d 1184, 1194 (D. Colo. 2000) ("The district courts exercise discretion in deciding whether to grant a [Rule 56(d)] motion.").

Consistent with Rule 56(d), defendants' counsel has submitted an affidavit supporting the request to deny or defer consideration of plaintiff's summary judgment motions. In it, defense counsel asserts that the parties have not yet exchanged any formal written discovery or taken any depositions in the case. Indeed, discovery in the case does not close until January 31, 2018. Defense counsel also asserts that plaintiff's motions significantly rely on declarations signed by plaintiff and her husband. Also, they rely on transcripts of conversations that either plaintiff or her husband allegedly recorded. Defense counsel asserts that defendants need more time to depose plaintiff and her husband to ask about the information contained in their declarations, the facts alleged in the Complaint, and other, relevant discovery topics. Defense counsel also asserts that defendants need more time to discover facts relevant to the claims and defenses asserted in this action because such facts are essential to their Opposition to plaintiff's summary judgment motions.

Given the factual issues presented in plaintiff's motions and that virtually no discovery has occurred in the case to date, the court finds it is premature to consider plaintiff's summary judgment motions without providing defendants an opportunity for discovery. Indeed, many of the facts that plaintiff relies on to support her motions will turn on issues that only additional discovery can reveal. Exercising its discretion, the court denies plaintiff's Motions for Summary Judgment (Docs. 46 & 52) as premature, but without prejudice to later refiling after full discovery is complete.

4

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motions for Summary Judgment (Docs. 46 & 52) are denied without prejudice.

**IT IS FURTHER ORDERED** that defendants' Application for Dismissal or Stay of Defendants' Opposition to Plaintiff's Motion for Summary Judgment (Doc. 56) is granted.

**IT IS SO ORDERED.**

Dated this 16th day of November, 2017, at Topeka, Kansas.

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**