UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELICA HALE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-cv-4182-DDC-TJJ |
| | ) |
| EMPORIA STATE UNIVERSITY (ESU), | ) |
| GWEN ALEXANDER, PH.D., | ) |
| DAVID CORDLE, PH.D., | ) |
| JACKIE VIETTI, PH.D., | ) |
| | ) |
| Defendants. | ) |

**ORDER REGARDING DISPUTED LANGUAGE
PLAINTIFF PROPOSES TO INCLUDE IN THE PRETRIAL ORDER**

The pretrial conference was held in this case on February 20, 2018. During the conference, the parties were directed to make revisions to their proposed pretrial order and resubmit it to chambers. The parties have resubmitted their revised proposed pretrial order, but indicate they have disputes regarding specific language proposed by Plaintiff in sections 7 and 8 of the pretrial order. The Court will address each dispute below.

**I.   PRETRIAL ORDER SECTION 7**

In accordance with the revisions discussed at the pretrial conference, Defendants added the following sentence to Section 7 (Discovery): "At the pre-trial conference, Plaintiff indicated she needed to conduct no further discovery." Plaintiff proposes to add on the phrase "but this is now subject to the pending motion, Plaintiff's objection to Magistrate's Order, ECF 73." Defendants object to this addition.

The Court understands Plaintiff's proposed additional language as conditioning or caveating her earlier statements about not needing to conduct further discovery, made during the

pretrial conference, so that those earlier statements are now subject to the Court's rulings on Defendants' motion for leave to conduct depositions out of time and Plaintiff's objection to the Magistrate Judge's order granting in part and denying in part her motion to compel ESU's litigation file. The Court will permit the addition of Plaintiff's proposed language but revises it for clarity so that the second sentence of Section 7 will read, "At the pretrial conference, Plaintiff indicated she needed to conduct no further discovery. Plaintiff has since indicated that the filing of Defendants' motions to take depositions out of time and to extend the dispositive motion deadline, and her Objection to Magistrate Judge's Order, ECF No. 73, may alter her position."

## II. PRETRIAL ORDER SECTION 8

Defendants object to Plaintiff listing her objection to Magistrate Judge's Order as a "pending motion," as it was not pending at the time of the pretrial conference, but filed later. Defendants' position is that the pretrial order should reflect what motions are pending at the time of the pretrial conference, referencing the pretrial order instructions.

The instructions to the pretrial form for Section 8a (Pending Motions) require the parties to "[l]ist any pending motions, including the date of filing and the ECF document number." For Section 8b, the instructions state parties are to "[l]ist all motions that the parties reasonably expect to file after the pretrial conference and before trial." Plaintiff may list her Objection to Magistrate Judge's Order not as a pending motion, but as an additional pretrial motion since it was filed after the pretrial conference. For consistency, the Court will add the two motions filed by Defendants after the pretrial conference to this pretrial order section as well and add a footnote that all three motions were filed after the pretrial conference. The Court will also include in Section 8b (Additional Pretrial Motions) the three other motions Plaintiff seeks to add

to her list of motions she intends to file before trial.

Defendants also object to Plaintiff's proposed inclusion of language stating she may request expert opinion on handwriting. The Court agrees with Defendants that the pretrial order should reflect "None" in this section because this was not raised or discussed at the pretrial conference and Plaintiff's deadline to disclose an expert has passed. Plaintiff's proposed language regarding a potential request for a handwriting expert will not be included in the pretrial order.

**IT IS THEREFORE ORDERED** that Defendants' objections to Plaintiff's inclusion of a reference to the objection to Magistrate Judge's order are sustained in part and overruled in part. The Court will revise and file the parties' proposed pretrial order in accordance with the rulings set out herein.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 5th day of March 2018.

Teresa J. James
U. S. Magistrate Judge