UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELICA HALE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EMPORIA STATE UNIVERSITY (ESU), )<br>GWEN ALEXANDER, PH.D., )<br>DAVID CORDLE, PH.D., )<br>JACKIE VIETTI, PH.D., )<br>)<br>Defendants. ) | Case No. 16-cv-4182-DDC |

## ORDER DENYING DEFENDANTS' MOTION
## TO TAKE DEPOSITIONS OUT OF TIME

This matter is before the Court on Defendants' Motion to Take Depositions Out of Time (ECF No. 74). Defendants request leave to take the deposition of Plaintiff and her husband, Dr. Melvin Hale, after the January 31, 2018 discovery deadline. Plaintiff has filed her response (ECF Nos. 79) stating she is agreeable to the motion if she is permitted to issue twelve requests for admission, three requests for production, and three interrogatories to each Defendant. Defendants have filed their Reply (ECF No. 81), objecting to Plaintiff's request for leave to serve additional written discovery requests.

Under Tenth Circuit law, the court should consider the following factors in deciding whether discovery should be reopened:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to

relevant evidence.[1]

Whether to extend or reopen discovery is committed to the sound discretion of the trial court.[2]

Because Defendants filed their motion after expiration of the discovery deadline, they must also show excusable neglect to obtain an extension of the discovery deadline.[3] "Excusable neglect" is an "elastic concept," which "is not limited strictly to omissions caused by circumstances beyond the control of the movant."[4] The concept is "primarily an equitable one."[5] Whether neglect will be considered "excusable" is an equitable determination that requires consideration of "all relevant circumstances surrounding the party's omission."[6]

The Court held the scheduling conference in this case on August 28, 2017 and entered the Scheduling Order (ECF No. 38) on September 8, 2017. The Scheduling Order required that all discovery be commenced or served in time to be completed by January 31, 2018. At no time prior to the discovery deadline, did Defendants file a motion to extend the discovery deadline. Moreover, Defendants waited until the pretrial conference, on February 20, 2018, to bring up the fact they had not taken the deposition of Plaintiff or her husband, and then requested for the first time leave to take the depositions after the discovery deadline.

---

[1] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987).

[2] *Id.*

[3] *See* Fed. R. Civ. P. 6(b). Likewise, D. Kan. Rule 6.1(a) provides that "[a]bsent a showing of excusable neglect, the court will not grant extensions requested after the specified time expires."

[4] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993).

[5] *Auto Club Family Ins. Co. v. Allgood*, No. 11-2079-GLR, 2011 WL 6122358, at *1 (D. Kan. Dec. 8, 2011).

[6] *Id.*

None of Defendants' arguments address why they failed to seek an extension before the discovery deadline expired, when they knew Plaintiff and her husband had not yet been deposed. Defendants' motion states that just prior to the discovery deadline, on January 24, 2018, Plaintiff contacted Defendants requesting an extension of the discovery timeframe. But when Defendants' counsel responded on January 29, 2018, Plaintiff stated she had changed her mind, would not seek an extension, and was not opposed to Defendants seeking one. Yet, even knowing they had not deposed or scheduled the depositions of Plaintiff and her husband, Defendants did not file their motion to extend the discovery deadline until February 27, 2018. The Court finds that Defendants have not shown excusable neglect.

Even if the Court were to find Defendants had shown excusable neglect for their untimely request, the Court finds the above-identified *Smith* factors do not support reopening discovery to permit Defendants to depose Plaintiff and her husband. Although the first[7] and sixth[8] factors weigh in favor of Defendants' request to reopen discovery, the second through fifth factors weigh against allowing the request. Plaintiff opposes Defendants' request if she is not permitted to take the additional discovery she requests in her response. Because Defendants oppose her request for additional discovery, she would be prejudiced if Defendants are permitted to conduct additional discovery after the discovery deadline, but she is not allowed to do so. Defendants have not shown they were diligent in attempting to schedule the depositions or proceed with noticing up the depositions before the expiration of the discovery deadline. There is no showing

---

[7] Trial is currently still eight months away.

[8] The depositions of Plaintiff and her husband would lead to the discovery of relevance evidence.

Defendants made any efforts to schedule the requested depositions prior to the discovery deadline or even prior to the pretrial conference. The Court is not persuaded by their argument that meaningful depositions could not be taken until Plaintiff received some finality regarding her motion to compel ESU to produce its litigation file contents. The need for these depositions was foreseeable, which Defendants admit. Defendants' argument that the "strange course of events regarding ESU's litigation file" was not foreseeable does not overcome the obvious need to depose or otherwise seek discovery regarding Plaintiff and her husband's knowledge of the claims in the case. In sum, the Court finds that the *Smith* factors weigh heavily against allowing Defendants to conduct the requested depositions well after the January 31, 2018 discovery deadline.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Take Depositions Out of Time (ECF No. 74) is DENIED.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 9th day of March 2018.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge