UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELICA HALE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EMPORIA STATE UNIVERSITY (ESU), )<br>GWEN ALEXANDER, PH.D., )<br>DAVID CORDLE, PH.D., )<br>JACKIE VIETTI, PH.D., )<br>)<br>Defendants. ) | Case No: 16-cv-4182-DDC-TJJ |

### MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Emergency Motion to Enforce Court Order and for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt (ECF No. 88) (hereafter "Motion to Enforce") and Defendants' Motion to Stay (ECF No. 91). After expediting the briefing on the motions, the Court held a telephone motion hearing on April 16, 2018. Plaintiff Angelica Hale appeared at the telephone motion hearing *pro se*. Defendants appeared through counsel, Carrie Barney, Rachael Longhofer, and Dennis Depew. This Order memorializes and supplements the Court's rulings made during the motion hearing.

**I.     Defendants' Motion to Enforce Protective Order (ECF No. 88)**

Defendants request the Court enter an order enforcing the provisions of the Protective Order entered in this case (ECF No. 42). Defendants allege Plaintiff violated the Protective Order by publicly filing pages from Defendant ESU's investigation report, which have been marked as "Confidential Information," as Exhibit DD to the Memorandum in support of her Motion for Summary Judgment (ECF No. 86) (hereinafter "Exhibit DD") and posting Exhibit DD on the www.marchonemporia.com website with links to it on multiple social media accounts, despite

the Protective Order restriction limiting the disclosure and use of designated confidential information to prosecution of this litigation.

Plaintiff does not deny Defendants' allegations that she publicly filed and posted Exhibit DD to the internet website and social media. Rather, Plaintiff contends she has not violated the Protective Order because Exhibit DD was improperly designated by Defendants as confidential, arguing that various sections of ESU's investigation report have been in the public domain for over two years. Plaintiff also argues that Defendants' counsel should be sanctioned for altering documents and spoliation by adding the words "Confidential Information" to the bottom of every page of ESU's investigation report.

### A.   Whether Plaintiff Violated the Terms of the Protective Order

Based upon a review of the motions, briefing, statements made during the motion hearing, and document submitted by Plaintiff after the hearing,[1] the Court finds that Plaintiff violated the terms of the Protective Order in this case by filing Exhibit DD without taking any of the actions required under Section 7 of the Protective Order to ensure designated confidential information was protected from public disclosure. The Court also finds Plaintiff violated the Protective Order by publicly posting and thereby disclosing designated confidential information, specifically Exhibit DD, to the www.marchonemporia.com website, and by making it accessible via a link on the @marchonemporia Twitter account.

Even after Defendants filed their Motion to Enforce claiming Plaintiff violated the Protective Order by publicly filing Exhibit DD, posting it on a website, and making it accessible

---

[1] On April 17, 2018, in accordance with the Court's instructions from the hearing, Plaintiff submitted to the Court via email attachment a copy of the 15-page document Plaintiff claims she received from her former attorney, Mr. Trevino, prior to the filing of this case.

via links on social media accounts, Plaintiff did not remove Exhibit DD from the website or links to it posted on social media. Instead, Plaintiff filed her objection to the Motion to Enforce, arguing that Exhibit DD is not confidential because it is already in the public domain.[2] At the hearing, however, Plaintiff admitted she did not receive Exhibit DD until Defendants produced it to her with the confidential designation. Moreover, the document Plaintiff claims she received prior to the filing of her lawsuit (and argued was already in the public domain) is not the same document as Exhibit DD. Plaintiff therefore had no basis for her contention that Exhibit DD was already in the public domain and was improperly designated confidential by Defendants. Further, even if she believed that Exhibit DD was improperly designated as confidential, Plaintiff was well aware of the Protective Order[3] and should have complied with the procedures set out in Sections 7 and 8 of the Protective Order, respectively, for the filing of a document containing designated confidential information[4] and for challenging its confidential designation before placing Exhibit DD in the public domain.[5] She failed to do so, in violation of the Protective Order.

The Court finds Plaintiff's accusations of spoliation, tampering, and obstruction of justice against Defendants' counsel with regard to Exhibit DD are unsupported and without merit. Defense counsels' marking or placing the word "Confidential" on those documents is specifically contemplated by the Protective Order to show that the marked documents are being

---

[2] Pl.'s Objection, ECF No. 94, at 6.

[3] *See* Sept. 12, 2017 Order, ECF No. 41 (memorializing the Court's rulings at the September 12, 2017 telephone conference regarding the parties' disputes over the protective order terms).

[4] *See* Protective Order § 7, ECF No. 42 (setting out the requirements for filing a document containing confidential information).

[5] *See* Protective Order § 8 (setting out the procedure for challenging a confidential designation).

designated as confidential.[6] The Protective Order also provides that "[b]y marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order."[7]

At the April 16 motion hearing and based upon the above findings, the Court ordered Plaintiff to immediately remove Exhibit DD from the www.marchonemporia.com website and from all other Internet postings or links to Exhibit DD via the @marchonemporia Twitter account, Dr. Melvin Hale's Twitter account, or any other social media. Plaintiff was further ordered to refrain from posting Exhibit DD or any other material or documents designated as confidential under the Protective Order to any social media or website, and to otherwise refrain from disclosing or making available designated confidential information to anyone other than those individuals specifically listed in Section 6(b)(1)–(10) of the Protective Order. Plaintiff must ensure that no designated confidential information in this case is disclosed on or accessible via her husband's Twitter or other social media accounts. Plaintiff is further ordered to abide by the terms of the Protective Order and ensure that designated confidential information is used or disclosed solely for purposes of prosecuting this lawsuit, including any appeals, as specifically provided in Section 6(a) of the Protective Order.

With respect to the designated confidential information Plaintiff has already filed in this case, the Court directed the Clerk's Office to place under seal Exhibit DD, as well as Exhibits A through C to Plaintiff's Objection to Defendants' Emergency Motion to Enforce (ECF No. 94).

---

[6] *See* Protective Order at §3 ("The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter 'the marking') on the document and on all copies in a manner that will not interfere with the legibility of the document.").

[7] *Id.*

4

If, in the future, Plaintiff intends to file any document that contains designated confidential information, Plaintiff must file a motion requesting leave to file under seal the specific document containing the confidential information, as required by Section 7 of the Protective Order and D. Kan. Rule 5.4.6.

### B.     Defendants' Requested Relief for Plaintiff's Violation of the Protective Order

Defendants include several requests for relief in their Motion to Enforce, which include striking Plaintiff's entire Memorandum in Support of her Motion for Summary Judgment, ordering Plaintiff to remove the confidential material from the website and social media accounts, imposing a coercive fine, prohibiting all future use of Defendant ESU's investigation report, and granting Defendants their attorneys' fees in bringing the Motion to Enforce.[8] In their Reply (ECF No. 95), Defendants request dismissal of this case with prejudice. The Court will address each request in turn.

Defendants request that Plaintiff's Memorandum in Support of Motion for Summary Judgment be stricken from the record, and that the Memorandum and any references to it be removed from the Internet and from any website or social media account that references or contains a link to the document.  The Court denies Defendants' request to strike from the record Plaintiff's *entire* Memorandum in Support of her Motion for Summary Judgment as disproportionate to the violation of the Protective Order at issue. Plaintiff attached 190 pages of exhibits (Exhibits A through NN) to her 37-page Memorandum, but only the four-pages of

---

[8] To the extent Defendants request sanctions against Plaintiff, the Court notes that although the Protective Order itself is silent on what sanctions are available for a violation of its provisions, it has a blank attachment Acknowledgment and Agreement to be Bound form that states the person signing it "acknowledges that violation of the Protective Order may result in penalties for contempt of court." ECF No. 42 at 11.

Exhibit DD were marked as confidential. With the exception of two paragraphs, Plaintiff's Memorandum does not expressly quote or discuss designated confidential information contained within Exhibit DD. As to those two paragraphs, the Court grants Defendants' relief and orders the Clerk to redact them.[9] In addition, the Court has already granted relief insofar as it has ordered the Clerk to place Exhibit DD under seal and Plaintiff to remove Exhibit DD from the Internet and social media sites as set out above.

Defendants also request that Plaintiff be prohibited from any future use of Defendant ESU's investigation report. The Court denies this request as disproportionate to the Protective Order violation at issue here. Plaintiff may use ESU's investigation report to the extent proper in the prosecution of this case, and any appeals, so long as she does so in accordance with the terms of the Protective Order.

Defendants also seek dismissal of the case with prejudice as a sanction. The Court denies the request. "[D]ismissal is a severe sanction and is not ordinarily warranted if lesser sanctions would be effective."[10] Dismissal with prejudice should be used as a "weapon of last, rather than first, resort" because it defeats altogether a litigant's right to access to the courts.[11] Plaintiff's violation of the Protective Order does not warrant the extreme sanction of dismissal of her case.

Finally, Defendants request that the Court impose sanctions against Plaintiff by requiring her to pay a coercive fine for each day that she fails to withdraw the designated confidential material, as well as pay their attorneys' fees and expenses for bringing the motion. Violation of a

---

[9] Specifically, the Clerk is directed to file a redacted version of Plaintiff's Memorandum, ECF No. 86, redacting paragraph 20 on ECF numbered page 13 and paragraph 52 on ECF numbered pages 23–24.

[10] *Jones v. Thompson*, 996 F.2d 261, 265 (10th Cir. 1993).

[11] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992)(internal citations omitted).

protective order is a serious matter. The Court is troubled both by Plaintiff's disregard for the provisions of the Protective Order and, perhaps even more so, by the unprofessional and unfounded personal attacks in her response on Defendants' counsel. The Court is cognizant that Plaintiff is not an attorney and is proceeding in this case without the assistance of legal counsel. The Court also notes, however, that Plaintiff has actively prosecuted this case and appears competent and capable of following the rules and representing her interests in this case. Therefore, the Court admonishes Plaintiff that any future violations of the Protective Order or other misconduct in this case are likely to result in significant sanctions that could include any of those requested by Defendants herein or others fashioned by the Court. Additionally, although the Court declines to award Defendants their attorneys' fees and expenses in bringing this motion, the Court will impose a monetary sanction on Plaintiff for her violation of the Protective Order and improper attacks on defense counsel in the amount of $150.  Plaintiff shall deliver payment of this monetary sanction to the Clerk of the United States District Court for the District of Kansas, and payable to the District of Kansas Bench Bar Fund on or before **June 29, 2018**.

## II.     Defendants' Motion to Stay (ECF No. 91)

Defendants also filed a motion seeking to stay the April 9, 2018 dispositive motion deadline pending the outcome of their Motion to Enforce. At the motion hearing, Defendants requested a two-week extension of their April 23 deadline for filing a response to Plaintiff's pending motion for summary judgment and a 30-day extension of the April 9 deadline to file their motion for summary judgment. Plaintiff objected to the requested extensions. After further consideration, the Court extends Defendants' deadline for filing their response to Plaintiff's Motion for Summary Judgment (ECF No. 85) to **May 7, 2018,** but the deadline for Defendants to file their motion for summary judgment is only extended to **April 30, 2018**. After consultation

7

8

with the District Judge, the court trial is continued to **January 8, 2019 at 9:00 AM** (central time) in Topeka Courtroom 401 before District Judge Daniel D. Crabtree.

**IT IS THEREFORE ORDERED THAT** Defendants' Emergency Motion to Enforce Court Order and for Order to Show Cause Why Plaintiff Should Not Be Held in Contempt (ECF No. 88) is granted in part and denied in part.

**IT IS FURTHER ORDERED THAT** Defendants' Motion to Stay (ECF No. 91) is granted in part and denied in part.

**IT IS SO ORDERED.**

Dated April 26, 2018, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge