IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELICA HALE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 16-CV-4182-DDC |
| | ) |
| EMPORIA STATE UNIVERSITY, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Comes now the Defendant, Emporia State University, and submits the following brief in opposition to Plaintiff's Motion for Reconsideration.

**ARGUMENTS AND AUTHORITIES**

**Legal Standard**

Plaintiff's motion is brought pursuant to D. Kan. Rule 7.3(b)(3), which authorizes a motion to reconsider based on "the need to correct clear error or prevent manifest injustice." ""Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2004)." *Panel Specialists, Inc. v. Tenawa Haven Processing, LLC*, at *1, 2019 WL 587961 (D. Kan. February 13, 2019). A motion to reconsider "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Ferluga v. Eickhoff*, 236 F.R.D. 546, 549 (D. Kan. 2006) (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "The decision whether to grant a motion to reconsider is committed to the district court's discretion." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty*

1

*Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temperature Sales Practices Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).  Accord: *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

## Misapprehended Facts

Plaintiff's motion seeks reconsideration of this Court's finding in its August 26, 2020 Memorandum and Order (Doc. 195) that it is unlikely that Plaintiff would have remained in Emporia after May 2016.  (Doc 195 at 11, 12, 16).  Plaintiff contends this finding shows that the Court misapprehended facts and Plaintiff's position.

Plaintiff argues that, if ESU had created a permanent position for her, she and her husband would have remained in Emporia after they learned in late 2015 that her husband's contract would not be renewed, and after his existing contract expired in May 2016.  She contends that she would not have quit her job and moved away with her husband, but would have continued working at ESU and her husband would have stayed in Emporia to run the art business he had opened.  However, plaintiff did not so testify at the hearing.  She was asked twice what she would have done if she had been hired for a permanent position at ESU and her husband's contract was subsequently not renewed.  Both times she answered that she thought her husband's contract would have been renewed, and both of them would have remained in Emporia as ESU employees.  (Doc 198 at 78 l.13 – 79 l.3; Doc 195 at 12).  Thus, Plaintiff's argument that: "Ms. Hale would have remained in Emporia at her home", "she most assuredly would not have quit her job." (Doc 197 at 4);  "Ms. Hale would not have quit her job." (Doc 197 at 5);  "One thing is certain: Ms. Hale would never have moved to Arizona in the first place." (Doc 197 at 7);  "That Dr. Hale would return full time to his art endeavors after leaving ESU SLIM was a certainty, not

2

conjecture." (Doc 197 at 8) is not supported by Plaintiffs testimony or other evidence in the record.

Furthermore, the court already considered and rejected this argument. (Doc 195 p.11). A motion for reconsideration may not be used to revisit issues already addressed by the court. *Comeau v. Rupp*,  810 F Supp. 1172 (D. Kan. 1992).

## Conclusion

Plaintiff has not established an intervening change in controlling law, availability of new evidence, or a need to correct clear error or prevent manifest injustice under D. Kan. Rule 7.3(b). Therefore Plaintiff's Motion for Reconsideration should be denied.

WHEREFORE, for the above and foregoing reasons, the reasons set forth in the Defendant's post hearing brief, and based on the evidence in the record, Defendant respectfully requests that this Court enter an order denying Plaintiff's Motion for Reconsideration, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
DEREK SCHMIDT

s/ *Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
Carrie A. Barney, KS #22872
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-6695
            (785) 368-8420
Fax:    (785) 291-3767
Email: stanley.parker@ag.ks.gov
            carrie.barney@ag.ks.gov
*Attorneys for Defendant*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of September, 2020, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent electronic notice to Plaintiff *pro se* and to counsel of record:

Angelica Hale
3806 Pinnacle Circle
Lawrence, KS 66049
Plaintiff *pro se*

Sarah A. Brown
Brown & Curry, LLC
1600 Genessee St., Suite 956
Kansas City, MO 64102

Brett M. Rubin
The Rubin Law Firm
18801 Ventura Blvd, Suite 208
Tarzana, CA 91356
*Attorneys for Plaintiff*

                                                  */s/ Stanley R. Parker*
                                                  Stanley R. Parker