IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**ANGELICA HALE**,

    *Plaintiff,*

v.

**EMPORIA STATE UNIVERSITY**,                   **Case No. 16-4182-DDC**

    *Defendant*.

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

COMES NOW Plaintiff Angelica Hale, pro se, in response to Defendant's opposition to its Motion for Reconsideration, Doc. 200.

Defendant Emporia State University (ESU) agrees that Plaintiff (or "Ms. Hale") testified that she intended to remain in Emporia. There is no evidence in the record at any time during the pendency of this litigation of Ms. Hale stating anything other than her intentions to remain at her home in Emporia, if at all possible. Ms. Hale stated in her Opposition to Defendant's Motion for Summary Judgment, filed June 19, 2018, a motion which was denied, that she and her husband, Dr. Melvin Hale, had "negotiated a way to acquire a house in Emporia before 2014 was over. They committed to working on restoring a 1930's Colonial just one block from Alexander's home and within walking distance to SLIM. See Exhibit L. The Hales were hoping for a long stay at ESU SLIM." Doc. 113, pg. 6. That exhibit is offered here as **Exhibit "A"**. It shows a photo of the home which the Hale's purchased, and the Christmas card photo taken in the living

room of that home which they sent to friends and relatives in December 2014. They bought that home two weeks after arriving in Emporia. The Hales loved their home, and Plaintiff has made it known numerous times in the record and in testimony in court that they intended to live there a long time. ESU deprived them of that home by its failure-to-hire Plaintiff.

Above all, Ms. Hale was *determined to complete her college degrees*. Defendant ESU deprived her of that too. Those degrees have significant economic value. The U. S. Equal Employment Opportunity Commission (EEOC) states the following on its website that:

> "Whenever discrimination is found, the **goal of the law** is to put the victim of discrimination **in the same position** (or nearly the same) that he or she would have been if the discrimination had never occurred.
>
> The types of relief will depend upon the discriminatory action and the effect it had on the victim. **For example, if someone is not selected for a job or a promotion because of discrimination, the remedy may include placement in the job and/or back pay and benefits the person would have received.**
>
> The employer also will be required to stop any discriminatory practices and take steps to prevent discrimination in the future."[1] Emphasis added.

The effect of ESU's unconstitutional actions was to cause Ms. Hale to lose her home and financial security since 2015. It does not appear that the Court ever considered placing Ms. Hale in the same position (or nearly the same) that she would have been had the failure-to-hire by Defendant ESU never occurred. That is at the heart of this motion. The Court disparages Ms.

---

[1] "Remedies For Employment Discrimination | U.S. Equal Employment Opportunity Commission," accessed September 15, 2020, https://www.eeoc.gov/remedies-employment-discrimination.

Hale's work history in its ruling, but it *never* asked Plaintiff to explain *any* aspect of her work history during the hearing when it had an opportunity to do so, but it focused its ruling on Ms. Hale's *work history*. Nothing in the trial record supports the Court's decision. It is arbitrary, speculative, and states that it is based on the legal perspective of the Defendant. Doc. 195, p. 11. The Defendant obviously would not favor a more substantial award. The Defendant has been convicted of retaliation, and its stance has been hostile and unrepentant *to this very day*.

The Court presents a sexist and gender-biased optic of Ms. Hale, and ties her fate to that of Dr. Hale, as if she blindly followed him around, like a puppy. But the Hales are not joined at the hip. They are two separate people, with separate life goals, and cannot legally be conflated. No one knows how long they will be together in this life. Ms. Hale wanted her college degrees *more than anything else, to secure her future*. More so than even the position of Marketing Coordinator itself. More than simply being the wife of Dr. Hale. Now, Ms. Hale will *never* have a Bachelors or a Masters, or God forbid, a Ph.D. She will most likely never hold a comparable position again. But the Court appears to care more about ESU, and the specter of the State of Kansas having to dole out six-figure reparations for Ms. Hale's back pay and front pay.

The Court's ruling kicked Ms. Hale out of work *long* before she would have completed her college degrees, which is the very earliest that she would have *ever* considered leaving ESU. Ms. Hale would have completed her degrees regardless of what Dr. Hale decided to do. This is what she wanted *for herself*. This sexist and gender-biased viewpoint would tie her to the whims and fortunes of a man, and that includes Dr. Hale. Plaintiff came to the Court without an attorney, for obvious reasons, believing that she could nonetheless obtain justice, and that the law and the facts were all she needed to prevail. Plaintiff believes she made it clear to everyone that she stands on her own two feet. *Dr. Hale has never even accompanied Ms. Hale to court!*

Ms. Hale does not need Dr. Hale or anyone to validate her or speak for her. She proved that here in this very courthouse. The Court, however, negates her independence and her personhood.

At Emporia State University Ms. Hale was robbed of a great future and over $500,000 by racism and retaliation. She lost her home. She now feels assaulted and betrayed by the legal system.

WHEREFORE, Plaintiff Angelica Hale respectfully moves the Court to reconsider its ruling on damages in this matter.

Dated: **September 15, 2020**             Respectfully submitted,

/s/ Angelica Hale, Plaintiff pro se
3806 Pinnacle Circle
Lawrence, KS 66049
angelicahale@yahoo.com
916-690-7927

### CERTIFICATE OF SERVICE

**Case No. 16-4182-DDC**

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

I hereby certify that on this 15th day of September, 2020, I electronically filed the foregoing with the Court using the email address KSD_Clerks_Topeka@ksd.uscourts.gov, and a notice of electronic filing was sent via the CM/ECF system to all attorneys of record.

/s/ Angelica Hale, Plaintiff pro se
angelicahale@yahoo.com
916-690-7927

**EXHIBIT "A"**



Photo of the Hale's home in Emporia, Kansas. Note the Emporia State University flag on the flagpole.

Photo taken July 27, 2015, the same day Angelica was forced to quit.



Christmas Card the Hales sent out in 2014.