**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ANGELICA HALE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 16-CV-4182-DDC |
| | ) |
| EMPORIA STATE UNIVERSITY, | ) |
| | ) |
|     Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION**
**FOR WRIT OF EXECUTION**

Comes now the Defendant, Emporia State University, and submits the following brief in opposition to Plaintiff's Application for Writ of Execution.

**ARGUMENTS AND AUTHORITIES**

**Plaintiff's Application is Procedurally Improper**

Plaintiff's Application does not comply with Fed.R.Civ.P. 11(a), which requires:

> "**(a) Signature**. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."

Plaintiff's lawyers did not sign the application. Plaintiff appears to have electronically signed as "Plaintiff pro se" to indicate her approval. Rule 11 allows parties to sign pleadings only if the party is not represented by counsel.

Plaintiff cannot simultaneously proceed *pro se* and with counsel. Just 10 weeks ago the Tenth Circuit Court of Appeals repeated the long-standing rule:

1

> "When individual parties "have the assistance of counsel, courts need not consider any filings made *pro se*."" (citations omitted).

*Bunn v. Perdue*, 966 F.3rd 1094 (10th Cir 2020).

This Court follows the Tenth Circuit rule:

> "Following the Tenth Circuit, this court does not accept *pro se* filings from parties that are represented by counsel. (citations omitted) Consequently, plaintiff's present *pro se* filing must be denied as moot."

*Scherer v. Merck & Co.*, 2007 WL 3121345 (D. Kan. 2007).

This Court explained the rationale this way:

> "The court first determines whether it must address Vasquez–Garcia's pro se motions. A party may conduct their case personally or by counsel. 28 U.S.C. § 1654. These rights are alternatives, and the court is not required to consider the pro se motions of parties who are represented by counsel. See, e.g., *Pagliaccetti v. Kerestes* 948 F.Supp.2d 452 (E.D.Pa.2013) (stating "there isno constitutional right to hybrid representation, and a district court is not obligated to consider pro se motions by represented litigants").
>
> Vasquez–Garcia is represented by counsel, so the court need not consider his pro se motions. Accordingly, the court dismisses both motions without addressing the substance of either.

*U.S. v. Vasquez-Garcia*, 2014 WL 4261333 at *1-2 (D. Kan. 2014). Thus, Plaintiff's application is procedurally improper and should not be considered.

### Plaintiff's Application Is Premature

In the alternative, in the event that this Court considers Plaintiff's Application for Writ of Execution and likewise considers Plaintiff's Motion for Reconsideration (Doc 197), then the application is premature and should be stayed.

Fed.R.Civ.P. 69(a)(1) provides:

> "**(1) *Money Judgment; Applicable Procedure.*** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution--and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

Thus, Kansas procedure applies.  That procedure includes KSA 60-262, which provides, in relevant part:

> "(a) *Automatic stay; exceptions for injunctions and receiverships.* Except as stated in this section, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry.  …
>
> (b) *Stay pending the disposition of a motion.* On appropriate terms for the opposing party's security, the court may stay the execution of a judgment, or any proceedings to enforce it, pending disposition of any of the following motions:
>
> (3) under K.S.A. 60-259, and amendments thereto, for a new trial or to alter or amend a judgment;  …"

Plaintiff's *pro se* Motion for Reconsideration seeks to alter or amend the judgment she seeks to enforce By Writ of Execution.  Until that motion is decided, the instant Application is premature and any action or further proceedings to enforce that judgment should be stayed.

## Conclusion

This Application should not be considered by the Court.  It is not signed by counsel as required by Fed.R.Civ.P. 11(a) and was filed by Plaintiff *pro se* when she is represented by counsel.  Therefore, it is procedurally improper and should be denied or dismissed.

In the alternative, in the event this Court considers Plaintiff's Application for Writ of Execution and likewise considers Plaintiff's Motion for Reconsideration (Doc 197), then the Application is premature and should be stayed pursuant to KSA 60-262.

WHEREFORE, for the above and foregoing reasons, Defendant respectfully requests that this Court enter an order denying or dismissing Plaintiff's Application for Writ of Execution, or, in the alternative, staying the Application pending resolution of Plaintiff's *pro se* Motion for Reconsideration, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
DEREK SCHMIDT

s/ *Stanley R. Parker*
Stanley R. Parker, KS #10971
Assistant Attorney General/Trial Counsel
Carrie A. Barney, KS #22872
Assistant Attorney General/Trial Counsel
120 SW 10th Avenue, 2nd Floor
Topeka, Kansas, 66612-1597
Phone: (785) 368-6695
           (785) 368-8420
Fax:    (785) 291-3767
Email: stanley.parker@ag.ks.gov
           carrie.barney@ag.ks.gov
*Attorneys for Defendant*


**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of October, 2020, the above and foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which sent electronic notice to Plaintiff *pro se* and to all counsel of record:

Angelica Hale
3806 Pinnacle Circle
Lawrence, KS 66049
Plaintiff *pro se*

Sarah A. Brown
Brown & Curry, LLC
1600 Genessee St., Suite 956
Kansas City, MO 64102

Brett M. Rubin
The Rubin Law Firm
18801 Ventura Blvd, Suite 208
Tarzana, CA 91356
*Attorneys for Plaintiff*

              */s/ Stanley R. Parker*
              Stanley R. Parker