### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF KANSAS

ANGELICA HALE,

   *Plaintiff,*

v.

EMPORIA STATE UNIVERSITY,

   *Defendant*.

**Case No. 16-4182-DDC**
Judge Daniel D. Crabtree

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR WRIT OF EXECUTION

  Angelica Hale ("Plaintiff" or "Ms. Hale"), appearing pro se, hereby respectfully submits this Reply to Defendant's Opposition to Plaintiff's Application for Writ of Execution (Doc. 203).

  Defendants claim that Ms. Hale is represented by counsel at this time, but that is not correct. Ms. Hale was represented by counsel for the hearing on damages and the immediate briefings which followed. Defendants should take note that counsel for that hearing filed for attorney's fees on September 9, 2020 (Doc. 199), and therein described the extent of its duties. Plaintiff "was represented by counsel in relation to her damages, which was tried on June 25, 2020, and which was the subject of extensive briefing thereafter." *Id*., p.4. "In total, Plaintiffs lawyer's billed for, and seek and award of, $29,810.00 for attorneys' fees, exclusive of costs." *Id*., p.5. Counsel do not typically bill when participating in litigation. The scope of counsel's participation was spelled out in its retainer agreement dated May 6, 2020, which states: "We have been engaged to represent you for the limited purpose to serve as local counsel regarding your claims for damages against Emporia State University. This is the only matter in which we represent you under this Agreement."

  It should therefore be apparent that Ms. Hale is not currently represented by counsel, and is

proceeding as before, pro se. For that reason, Ms. Hale properly signed and filed her Application for Writ of Execution, as well as her Motion for Reconsideration. In advance of both of these filings Ms. Hale contacted her former counsel and informed them of her intentions to file what she has filed, and there were no objections to her actions.

As for the timing of Plaintiff's Application for Writ of Execution, Plaintiff will leave judgment on that matter to the Court. Ms. Hale waited for action by the Defendants on the ruling on damages for 30 days, which is twice as long as Kansas' statutes require.

WHEREFORE, Plaintiff Angelica Hale respectfully moves the Court to approve its Application for Writ of Execution.

Dated: October 2, 2020

/s/ Angelica Hale, Plaintiff pro se
3806 Pinnacle Circle
Lawrence, KS 66049
angelicahale@yahoo.com
916-690-7927

CERTIFICATE OF SERVICE

Case No. 16-4182-DDC

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIF'S APPLICATION FOR WRIT OF EXECUTION**

I hereby certify that on this 2nd day of October, 2020, I electronically filed the foregoing with the Court using the email address KSD_Clerks_Topeka@ksd.uscourts.gov, and a notice of electronic filing was sent via the CM/ECF system to all attorneys of record.

/s/ Angelica Hale, Plaintiff pro se
angelicahale@yahoo.com
916-690-7927