IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELICA HALE,

    Plaintiff,

v.

EMPORIA STATE UNIVERSITY,

    Defendant.

Case No. 16-4182-DDC

## MEMORANDUM AND ORDER

Pro se[1] plaintiff Angelica Hale moves the court to reconsider its "awful and unreasonable decision" to award her $64,303.31 in back pay damages, an award that plaintiff describes as "nothing less than a slap in the face[.]" Doc. 197 at 4–5. She asserts that the court's damages calculation not only (1) "implies that [she] is unstable and irrational[,]" but also (2) is illogical, factually unsupported, sexist, racist, and otherwise reflects bias against plaintiff. *See id.* at 3–5, 10–12. For reasons explained below, the court denies the motion (Doc. 197).

---

[1] Plaintiff litigated the case pro se until the damages phase of this litigation at which point counsel entered an appearance (Doc. 180) and both represented her at the evidentiary hearing (Doc. 190) and submitted briefing on plaintiff's behalf (Doc. 191; Doc. 193). After the damages phase, plaintiff filed pro se this Motion for Reconsideration (Doc. 197). She has also filed a "Motion to Substitute Attorney" (Doc. 206) which the court construes as a motion to allow her to proceed pro se once again. The court grants her request in part.

Specifically, plaintiff asks the court to make the Order granting her the right to proceed pro se retroactive to July 11, 2020—the day after her counsel submitted their final brief on the damages issue. The court denies that request to the extent that it would prejudice her counsel from seeking fees for time properly devoted to their request for attorneys' fees. Plaintiff's counsel filed their most recent brief on the fees issue (Doc. 205) on October 9, 2020. So, the court grants plaintiff's motion to proceed pro se, but the court denies plaintiff's request to make her pro se status retroactive to July 11, 2020. Because plaintiff now proceeds pro se, the court construes her filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

I.      **Procedural Background**

Plaintiff prevailed on her Title VII retaliation claim against her former employer, defendant Emporia State University ("ESU"). *See generally* Doc. 149-1. After the bench trial, the court awarded plaintiff nominal damages of one dollar because plaintiff—who tried the liability phase of her case pro se—had failed to produce sufficient evidence to fashion full relief. *Id.* at 20. Plaintiff, the court found, was "responsible for failing to present any evidence at trial that would have permitted the court to fashion an appropriate damages award" at that time. Doc. 195 at 23 n.7. But instead of allowing this failure alone to preclude plaintiff from recovering more than nominal damages, the court afforded plaintiff an opportunity to submit additional briefing about whether she was entitled to equitable relief in the form of back pay or front pay. Doc. 149-1 at 22. On June 25, 2020, the court held an evidentiary hearing to permit the parties to present evidence on the amount of back pay and front pay plaintiff should recover. Doc. 190. Based on the record and all of the arguments the parties raised, the court awarded Ms. Hale $48,312.03 in back pay, plus $15,991.28 in prejudgment interest, producing a total back pay award of $64,303.31. Doc. 195 at 1.[2]

Plaintiff timely filed a Motion for Reconsideration (Doc. 197). Defendant filed a Response (Doc. 200). And plaintiff filed a Reply (Doc. 201).

II.     **Legal Standard**

Our local rule governing Motions to Reconsider provides that parties "seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). "Grounds warranting a motion to reconsider include (1) an

---

[2] The court later granted plaintiff's subsequent request for attorneys' fees (Doc. 199) and awarded a total of $28,959.56 to plaintiff's counsel who represented plaintiff for the damages phase of this litigation. Doc. 209 at 1–2.

2

intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of due diligence." *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992) (citations omitted). But a disappointed litigant may not use reconsideration to revisit issues already addressed or assert new arguments or supporting facts that were available for presentation when the court originally decided the question. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992)); *see also Servants of Paraclete*, 204 F.3d at 1012. A court has considerable discretion when deciding a motion to reconsider. *Hancock v. Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988); *Shannon v. Pac. Rail Servs.*, 70 F. Supp. 2d 1243, 1251 (D. Kan. 1999) (citing *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997)).

## III.   Discussion

Plaintiff asserts that the court clearly erred when it determined the end of the back pay period for purposes of awarding plaintiff damages. Doc. 197 at 3. Plaintiff argues that reconsideration is appropriate because the court "erroneously concluded that [she] would have left ESU in May 2016." *Id.* The gist of plaintiff's argument for reconsideration is that the court's back pay analysis attributed to her a decision so *illogical* that the court simply must have erred by either (1) misapprehending the facts, or (2) succumbing to bias, gender, sex, and race discrimination, and furthering the court's (purported) interest in rendering plaintiff's victory on the merits "hollow and empty[.]" *See id.* at 3, 5, 10–12.

3

Plaintiff's motion tries to relitigate the damages issue and voices her disapproval with the court's decision declining to award her damages in the full amount of her request. These are not appropriate arguments in the context of a motion for reconsideration. *See Comeau*, 810 F. Supp. at 1174–75.

### A. Whether the Damages Award Reflects a Misapprehension of the Facts

Plaintiff's motion objects to the court's conclusion that "even if ESU had created a job for her, it is unlikely she would have remained in that job beyond May 2016." Doc. 195 at 12. She reasons that the court's conclusion "does not match the facts" and does not "match rational human behavior." Doc. 197 at 3 ("Misapprehended Facts"). The court liberally construes the pro se motion to assert that the court misapprehended facts about the relationship between the work histories of plaintiff and her husband. *See* Doc. 197 at 3–8. She argues that the court should discount that plaintiff previously "changed jobs because [her husband] had accepted a better position elsewhere" because in "the present situation, [her husband] wasn't relocating, and was planning to stay and promote his art business from Emporia." *Id.* at 8. She reasons that the court's "presumption" that she would have left "does not comport with [plaintiff's] testimony, the facts, common sense, or documentary evidence . . . ." *Id.* at 1.

Defendant offers two counterarguments. *First*, the record does not support plaintiff's characterization of her family's plans to remain in Emporia. Doc. 200 at 2.[3] *Second*, the court already considered plaintiff's arguments about her likelihood of remaining employed at ESU

---

[3] As defendant notes, plaintiff "was asked twice what she would have done if she had been hired for a permanent position at ESU and her husband's contract was subsequently not renewed" and both times plaintiff declined to answer the question asked and instead "answered that she thought her husband's contract would have been renewed, and both of them would have remained in Emporia as ESU employees." Doc. 200 at 2 (first citing Doc. 198 at 78–79 (Hr'g Tr.); then citing Doc. 195 at 12). When the court fashioned its damage award, it considered plaintiff's testimony and briefing about her past and vision of her future. Doc. 195 at 10–13, 16.

4

indefinitely and rejected them. *Id.* at 3. The court agrees with defendant on both points, but the second is more apt.

In short, the court already considered the issue plaintiff now seeks to relitigate. A review of the court's Order awarding damages to plaintiff (Doc. 195) reveals that the court considered the back pay end date issue that plaintiff improperly attempts to reopen. *See* Doc. 195 at 10–13. The court did not misapprehend the record when it analyzed whether plaintiff was likely to remain in Emporia indefinitely.[4] A court does not commit clear error merely by reaching a conclusion different than the one plaintiff prefers.

And contrary to plaintiff's attack on the court itself, the court's conclusion that the law entitled plaintiff to $64,303.31 in damages was not an act of discrimination on the basis of sex, gender, race, or Title VII victory. The court first found in plaintiff's favor on her Title VII retaliation claim after a two-day bench trial. *See* Doc. 149-1 at 23. Then, after holding an evidentiary hearing and considering the parties' written briefs on the damages issue, the court detailed the legal reasoning supporting the damages award in its 24-page Order (Doc. 195)—explaining both how the governing law applied to plaintiff's claim for damages and why the court reached its conclusions.

---

[4] Plaintiff implies that the court failed to consider the possibility that after her husband's contract was not renewed, that the plaintiff and her husband might have divorced, lived separately, or that her husband might have died. *See* Doc. 201 at 3 ("No one knows how long they will be together in this life."). The notion—that it was *possible* plaintiff might have remained alone in Emporia after her husband passed from "this life" to the next or simply moved elsewhere for work—is well taken. But nothing in the record suggests that plaintiff and her husband were *likely* to separate for reasons professional or celestial. Indeed, plaintiff has argued just the opposite. *See e.g.*, Doc. 197 at 8 ("In the present situation, Dr. Hale wasn't relocating, and was planning to stay and promote his art business from Emporia."); Doc. 197 at 4 ("Dr. Hale would have stayed with" plaintiff); Doc. 193 at 4–5. And as discussed above, plaintiff offered no hint of separation when twice asked what she would have done if she had been hired for a permanent position at ESU and her husband's contract was subsequently not renewed. Doc. 195 at 12–13. In sum, the court did not misapprehend the facts surrounding the professional lives of plaintiff and her husband.

In concluding that "even if ESU had created a job for her, it is unlikely she would have remained in that job beyond May 2016[,]" Doc. 195 at 12, the court neither misapprehended facts, law, or plaintiff's position nor produced a manifest injustice via clear error. Plaintiff has asserted no valid[5] ground for reconsideration.

## IV. Conclusion

A disappointed litigant may not use a motion to reconsider as a vehicle simply to revisit issues already addressed or assert new arguments or supporting facts that were available for presentation when the court originally decided the question. *Comeau*, 810 F. Supp. at 1174–75. In attacking the court's back pay conclusion, plaintiff offers a mix of old and new arguments on the merits trying to relitigate the court's prior back pay decision she finds objectionable. And her wide-ranging attacks on the court itself also fail to demonstrate clear error or manifest injustice.

Plaintiff provides the court with no proper justification for granting her Motion for Reconsideration. Absent a valid ground for reconsideration, the court must deny the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Reconsideration (Doc. 197) is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion to Substitute Attorney (Doc. 206) is granted in part consistent with this Memorandum and Order.

---

[5]  Plaintiff's assertion that the court's damages analysis surprised her is not a valid ground for relief under Fed. R. Civ. P. 60(b). *See* Doc. 197 at 9. That a party finds a judicial outcome *surprising* is not sufficient. *See Lifestyle Publ'ns, LLC v. Harding*, No. 19-2007-DDC-KGG, 2020 WL 2193119, at *4 (D. Kan. May 6, 2020) (discussing situations where relief under Rule 60(b) for "mistake, inadvertence, surprise, or excusable neglect" is appropriate).

**IT IS SO ORDERED.**

**Dated this 30th day of December, 2020, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree_____**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**